Davis, J.
It is said that this is a case in which one ground of reversal may have been that the judgment was against the evidence; and that therefore the judgment of the circuit court should not be reviewed in this court. Dougherty v. Railway Co., 56 Ohio St., 725. Whatever the circuit court might have done, it is very clear that it did not reverse the judgment of the common pleas on the weight of the evidence; for every one of the fourteen findings of error relates, to the charge to the jury, or that which it is claimed should have been given in charge to the jury, in regard to the alleged violation of the rules of the company. Inasmuch as the circuit court must pass on all errors assigned, it must be presumed that the court found no errors except those specified. Hence we are not justified in assuming that considerations of the weight of the evidence entered into the judgment of reversal. Wetzell v. Richcreek, 53 Ohio St., 62.
We do not adopt the theory which seems to have prevailed in the circuit court. Rule 3, for conductors, merely defines the regular position of the conductor when not collecting fares. It does not prohibit him from temporarily occupying any other position. By general rules. 4 and li, he has full charge of the car while in service; and this implies that he may be anywhere in the car while in the performance of duty. *361 In an emergency, such as, for example, an accident to, or sudden illness of, the motorman, he might be in the vestibule in the place of the motorman; and if competent to do so, as it appears that Walborn was, might act as motorman. So far as appears here, there was no violation of either the letter or the spirit, of these rules, construed together, when Walborn temporarily exchanged places with the motorman in order that the latter might eat his dinner. It does not appear that the company’s property, or the safety of passengers, was in any way imperiled by this arrangement; and there was no occasion to apprehend an emergency which would call for them to be in their respective places. It would seem that in this instance the conductor exercised his judgment and authority, under the rules, reasonably and prudently. The case is not, therefore, akin to those cases in which a servant voluntarily and needlessly, and not in the performance of duty to the master, places himself in a position of greater peril.
But, if it be conceded that Walborn was in a prohibited position at the time he was fatally injured, it seems to us that the same result must be reached. The blunder of the train dispatcher put everybody on the car in peril. His act was the sole and proximate cause of the collision. Not a thing that Walborn did contributed to bring about the collision; and he heroically died at his post in trying to prevent it. Nothing is alleged against him, except that he was in the most dangerous position, where all were in common danger, without the fault of any. Under such circumstances, it is nothing short of absurdity to contend that because he was killed instead of another, or possibly all, the company should escape all liability for its wrong. But it is argued that he should have *362 deserted Ms temporary post and have gone back to his proper position; in other words, that he was negligent in remaining. But if he had run away without attempting to reverse, and the other people on the car had been killed or mangled, would any court acquit the company of negligence in that respect? If the contention of counsel is correct, it involves the contradiction that Walborn was negligent in remaining, and would have likewise been negligent if he ran away. Who among us is sufficient for the decision of such things in an emergency? We are not willing to accept it as the law that a motor engineer, or a locomotive engineer, is guilty of contributory negligence merely because life remains in his dangerous position and continues his efforts to avert calamity from the passengers behind him. Beach on Cont. Neg., Sec. 42. And Walborn was, for the time being, the motor engineer of that car, and as such responsible for the safety of the passengers being carried therein.
We find no prejudicial error in the record. It was hardly necessary to have bothered with the elaborate charge and requests to charge, in this case. Upon the evidence in the case, the court would have been justified in directing a verdict for the plaintiff.

The judgment of the circuit court is reversed and that of the common pleas affirmed.